**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Elena Jull, et al., | Case No. 2:21-cv-01353-ART-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Universal Health Services, Inc., et al., | |
| Defendants. | |

Before the Court is Defendants' motion for sanctions, in which they seek to recover costs and fees associated with two depositions that Plaintiffs failed to attend. ECF No. 35. They also seek to preclude any future award of fees that Plaintiffs may seek in connection with preparing for the two days of depositions in question. *Id*. Plaintiffs responded, explaining they did not understand the legal process (the meaning of, and duration of, a deposition) and that their former attorney, Mr. Rosynski, failed to timely and properly communicate with them about these depositions.[1] *Id*. In turn, Plaintiffs argue Mr. Rosynski should incur any costs and fees awarded. ECF No. 52. In their reply, Defendants contend that the requested amount of costs and fees is not disputed. ECF No. 53. And on that basis, irrespective of who pays, the Court should award the amount sought to Defendants. *Id*.

The Court held a hearing on July 26, 2022. ECF No. 55. Given Plaintiffs' position, the Court requested Mr. Rosynski's presence. The Court also invited supplements based on the representations made at the hearing. The Court received supplements from Mr. Rosynski (ECF No. 56), Defendants (ECF No. 57), and Plaintiffs (ECF No. 58).

Mr. Rosynski's supplement cites to several cases for the proposition that the award of costs would be improper, as the Court never determined that this case if frivolous. In addition, he argues that the Court has discretion under Fed. R. Civ. P. 54(d) to determine whether an award of

---

[1] There are several other arguments the Court will not address as they are not relevant to the issues at hand.

costs and fees would be proper.[2] ECF No. 56. Mr. Rosynski also maintains that awarding fees for the ASL interpreters is tantamount to imposing a surcharge on a required service. *Id*. Lastly, he argues that to the extent the Court intends to award costs, they are not reasonable. *Id*. He also includes additional text messages between his office and Plaintiffs.

Defendants' supplement opposes the notion that charges in conjunction with ASL interpreters would be improper.

Plaintiffs' supplement recites much of what they previously argued in their response. In addition, they include additional text messages between Mr. Rosynski's office and themselves.

## I.    Factual and Procedural Background

Plaintiffs filed a complaint in July 2021 alleging that certain hospitals in the Las Vegas area violated Section 1557 of the Patient Protection and Affordable Care Act. As explained in their complaint, Plaintiffs are deaf and require the use of American Sign Language (ASL) to communicate with others. Plaintiffs contend that between November 2020 and March 2021, the hospitals in question failed or refused to provide the necessary services to ensure effective communication between them and the hospitals' staff. Plaintiffs argue that this constitutes discrimination.

Once this case proceeded to the discovery phase, Defendants sought to schedule depositions of the Plaintiffs. Several dates were proposed throughout the course of a few weeks, which the Court describes in detail below.

At first, Mrs. Jull was to be deposed on March 18, 2022 and Mr. Jull on March 21, 2022. ECF No. 35-1 at 5-10. At the request of the defense, the depositions were reset for March 30, 2022 for Mrs. Jull and March 31, 2022 for Mr. Jull. ECF No. 35-1 at 14-20.

### A.    March 30, 2022

There is evidence in the record that Plaintiffs were on notice of the March 30th and March 31st dates for the deposition as early as March 15, 2022. Thus, contrary to Plaintiffs contention, March 29, 2022 was not the *first* time they learned about these depositions.

---

[2] The Court does not consider these arguments. There has been no judgment in this case and, as a result, the cases cited and Fed. R. Civ. P. 54(d) are inapplicable.

On March 15, 2022, Ms. Einsberg[3] sent Plaintiffs a text message explaining that they needed to confirm deposition dates for March 30th and March 31st. ECF 56-3. Plaintiffs' response to that text message was "[p]lease include our children," to which Ms. Einsberg replied "[d]efinitely will on a different date." *Id.*

There is another text message prior to March 22, 2022 in which Ms. Eisenberg confirms the depositions with Plaintiffs for March 30th and March 31st at 9 a.m. ECF 56-4 at 1. Plaintiffs respond they would be in California on the 30th and will "figure it out."

Nevertheless, on March 28, 2022, Plaintiffs stated they would not be able to appear for the March 30, 2022 deposition until 6 p.m. PST.[4] ECF 56-4 p. 2. While Ms. Einsberg made clear that the deposition started at 9 a.m. on the 30th, Plaintiffs again repeated they would not be available until 6 p.m. PST. *Id.* at 2-3. In addition, they stated they would (instead) be available on the 31st all day. ECF 56-4 at 3.

Based on the record and the testimony in Court, Plaintiffs and Mr. Rosynski communicated via FaceTime on March 29, 2022. And at 7:44 p.m., presumably after the FaceTime conversation ended, Mr. Rosynski emailed defense counsel that Plaintiffs would not be able to be present for the March 30th deposition until 3 p.m. ECF 35-1 at 24. Mr. Rosynski explained that Plaintiffs would be available March 31st and April 1st. *Id.*

Because proceeding at 3 p.m. on March 30th would require a second day of deposition, defense counsel cancelled the deposition for that day and agreed to proceed on March 31st and April 1st. *Id.* Nevertheless, defendants incurred costs for having to cancel the March 30th deposition. The cancellation of two ASL interpreters was $3,200, the cancellation of the videographer was $500, and the cancellation of the court reporter was $500. ECF No. 35-1 at 26-28.

### B.    March 31st Deposition

Mrs. Jull's deposition took place on March 31st. Issues arose during the deposition that indicated that Mr. Jull was unhappy with the way Mrs. Jull was being questioned. At the

---

[3] Ms. Einsberg worked with Mr. Rosynski and often communicated with Plaintiffs regarding their case.
[4] Given other information in the record, it is likely plaintiffs meant 3 p.m. PST.

conclusion of that deposition, Mr. Rosynski told defense counsel that Mr. Jull would no longer be available for his deposition the following day, April 1st. ECF No. 35-1 at 32.

Later that day, defense counsel emailed Mr. Rosynski confirming the fact that the deposition would not go forward on April 1st. In addition, defense counsel explained they would have to meet regarding the cancellation costs incurred for the March 30th deposition and the costs that would be incurred for canceling the April 1st deposition. *Id*. Shortly after counsel for the defense cancelled the April 1st deposition, Mr. Rosynski emailed him back stating Mr. Jull would make himself available. *Id*. Although defense counsel tried to salvage the April 1st deposition by contacting the ASL interpreters, the interpreters were no longer available. Defense counsel relayed this information to Mr. Rosynski. As a result, the hospital incurred fees of $2,800 for cancelling the ASL interpreters. ECF 35-1 at 34. The videographer and court reporter fees were waived. ECF 35-1 at 36.

## II.    Analysis

The district court has great latitude in imposing sanctions under Fed. R. Civ. P. 37. *Lew v. Kona Hosp*., 754 F.2d 1420, 1425 (9th Cir. 1985). Courts may impose sanctions for the failure of a party or a party's officer, director or managing agent to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)–(vi), which include case-dispositive sanctions. *See* Fed. R. Civ. P. 37(d)(3). In addition, courts must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *Id*. The burden of showing substantial justification and special circumstances is on the party being sanctioned. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

### A.    Fed. R. Civ. P. 37(d)

There is no question that Plaintiffs failed to appear for the March 30th and April 1st depositions. Even though Mrs. Jull explained at the hearing that they ultimately showed up on April 1st, that was only after the deposition had been cancelled. Thus, Fed. R. Civ. P. 37(d) sanctions may apply. *Henry v. Gill Indus., Inc*., 983 F.2d 943, 947 (9th Cir. 1993).

1    There was no substantial legal justification for Plaintiffs' failure to appear at the March

2    30th and April 1st depositions. The Supreme Court has explained that the substantial justification

3    standard is "satisfied if there is a 'genuine dispute' . . . or 'if reasonable people could differ as to

4    the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

5    As detailed above, the depositions were ultimately set for the 30th and for the 1st. As a result,

6    Defendants had every reasonable expectation that Plaintiffs would be present on these days.

7    Additionally, the Court does not find that an award of costs and fees would be unjust. But

8    as discussed below, the Court will order both Plaintiffs and Mr. Rosynski to pay the reasonable

9    costs and fees.

10    As to the March 30th deposition, it is not clear to the Court why Mr. Rosynski did not

11    cancel it when he learned (on the 28th) that his clients would not be available until 3 p.m. on the

12    30th. While there had been several communications indicating the depositions would go forward

13    on the 30th and 31st, as of the 28th Plaintiffs made clear they would not be available until after 3

14    p.m. Had Mr. Rosynski informed opposing counsel of this on the 28th, the depositions could have

15    been cancelled with a 24-hour advance notice. Moreover, there is no doubt that Plaintiffs were

16    surprised to learn about this deposition on the 30th. ECF 56-3 at 21. As a result, the Court finds

17    that Mr. Rosynski is responsible for the costs incurred for the cancellation of this deposition.

18    As to the April 1st deposition, the record reflects that Mr. Jull simply refused to attend.

19    First, the deposition on March 31st had not proceeded to Plaintiffs' liking. ECF 35 at 4.

20    Moreover, soon after Mrs. Jull's deposition was completed, Mr. Rosynski announced that Mr. Jull

21    would not be appearing for his deposition the following day. *Id*. It should have been no surprise

22    that Mr. Jull's deposition would proceed on April 1st. ECF 58-1 at 24. Not only are there text

23    messages confirming the same, there is evidence to suggest that Mr. Jull simply got upset on the

24    31st and refused to appear the next day. In fact, Mr. Jull thought that the hospital could not

25    "control/decide for [him]" as to when he should be deposed. ECF 58-1 at 14.

26    The Court sympathizes with Plaintiffs' difficulty in navigating the legal process.

27    Likewise, the Court does not question that Plaintiffs may not have understood what a deposition

28    was or how long it would take (although, by the 31st, they would have learned about it). But there

1    is no question they knew Mr. Jull needed to make himself available on April 1st. As a result,

2    Plaintiffs are responsible for the costs incurred in cancelling this deposition.

3         **B.    *Reasonable* Award of Expenses and Fees**

4         As a preliminary matter, the Court disagrees with Defendants' arguments that under LR 7-

5    2(d) fees in the amount sought should be granted based on Plaintiffs' failure to oppose the

6    amount.[5] After all, the rule clearly states that the award must be based on "reasonable" costs and

7    attorney fees.

8                        **i.    Reasonable Fees**

9         District courts have broad discretion to determine the reasonableness of fees. *Gates v.*

10   *Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). A district court employs a two-step process to

11   calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc*., 214 F.3d 1115, 1119 (9th Cir. 2000).

12   First, the court calculates the lodestar figure, which represents the number of hours reasonably

13   expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S.

14   424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on

15   several factors that are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085,

16   1099 (9th Cir. 2016). The lodestar figure is presumed reasonable. *Van Gerwen v. Guarantee Mut.*

17   *Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000).

18        Defense counsel seeks 31.5 hours of work to (a) prepare for the depositions (16 hours), (b)

19   prepare the instant motion and declaration (7.5 hours), (c) review the opposition, the reply, and

20   attend the hearing (8 hours). The hourly rate is $275. Thus, Defendants seek $8,662.50 in

21   attorneys' fees.

22        The Court finds that seeking fees for 31.5 hours is not reasonable. First, as defense

23   counsel admitted, the eight hours sought in conjunction with preparing for Mrs. Jull's deposition

24   are not proper as the deposition ultimately took place. A similar rationale applies to the

25   preparation for Mr. Jull's deposition, as it too will ultimately take place. As to the instant motion,

26   _____

27   [5] Mr. Rosynski contends that the amount sought is not reasonable because defense counsel has not met
     their burden and because they are excessive. The Court disagrees that defense has not met its burden—
28   they have attached all the necessary invoices and information for the Court to properly review the costs
     sought.

1  the Court finds that four hours is a more reasonable number for its preparation. As to the review

2  of Plaintiff's response, the preparation of the reply and the time spent in court, a reasonable

3  number of hours is no more than three. As a result, the Court finds that the reasonable number of

4  hours in connection with this motion is seven.

5      The rate sought, $275/hour, is reasonable. *See Scott v. Smith's Food & Drug Centers, Inc.*,

6  No. 218CV303JCMVCF, 2020 WL 343642 * 2 (D. Nev. Jan. 21, 2020). As a result, the Court

7  finds $1,925 is a reasonable amount for attorneys' fee.

8          **ii.      Reasonable Costs**

9      First, the Court disagrees that the ASL interpreters' cost is a "surcharge" (as argued by

10  Mr. Rosynski). The Court agrees with defense counsel that the cases cited by Mr. Rosynski are

11  not applicable to the procedural posture of this case. In addition, the only reason why Plaintiffs

12  are incurring these costs is because they failed to show up to their depositions. Had they attended,

13  they would not be responsible for these costs. This is no different than the costs that a Spanish-

14  speaking individual would face for not showing up to a deposition for which an interpreter was

15  hired.

16      Nevertheless, the Court finds that the costs associated with the ASL interpreters are not

17  reasonable. While the cancellations were last-minute, and defense counsel obtained reductions

18  where possible, the market rate falls far below that claimed here. ECF No. 56 at 7-8. Thus, the

19  $6,000 sought in costs for the ASL interpreters is not reasonable. The Court finds that $3,000 is a

20  reasonable amount for the cancellation of two interpreters for two full days of depositions. The

21  remaining $1,000 for court interpreters and videographers is reasonable.

22      **C.      Sanctions**

23      The total amount of reasonable costs and fees the defense is entitled to recover totals

24  $5,925. Mr. Rosynski is responsible for the costs associated with the deposition for the 30th,

25  $2,500. Plaintiffs are responsible for the costs associated with the deposition for the 1st, $1,500.

26  The costs associated with this motion ($1,925) will be split evenly between Plaintiffs and Mr.

27  Rosynski. Thus, Plaintiffs will be ordered to pay $2,462.50 at the conclusion of this case. Mr.

28  Rosynski will be ordered to pay $3,462.50 at the conclusion of this case.

1    Plaintiffs are advised to pay close attention to dates, deadlines, and responsibilities in this

2    case. Proceeding with this case without counsel will be difficult. But the failure to understand

3    certain definitions or procedures within the legal system will not excuse them from their

4    responsibilities.

5        **D.    Future Awards**

6        The Court finds that it is premature to rule on whether Plaintiffs should be allowed to

7    recover fees in connection with having to respond to this motion. Before this becomes a relevant

8    issue, judgment must first be entered in their favor.

9    **III.    Conclusion**

10       **IT IS ORDERED** that Defendant's Motion for Sanctions (ECF No. 35) is **GRANTED** in

11   part and **DENIED** in part consistent with this order.

12       **IT IS FURTHER ORDERED** that Plaintiffs are to pay fees and costs in the amount of

13   $2,462.50 at the conclusion of this case.

14       **IT IS FURTHER ORDERED** that Mr. Rosynski is to pay fees and costs in the amount

15   of $3,462.50 at the conclusion of this case

16       **IT IS FURTHER ORDERED** that within 10 days of this order, the parties must meet

17   and confer to set a deposition for Mr. Jull, which is to occur no later than 45 days after the date of

18   this order.

19

20       DATED: August 10, 2022

21       _____

22       BRENDA WEKSLER
         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28