1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Elena Jull, *et al.*, | Case No. 2:21-cv-01353-ART-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Universal Health Services, Inc., *et al.*, | |
| Defendants. | |

Plaintiffs Elena Jull and Derrick Jull allege Defendants discriminated against them on the basis of a disability in violation of Section 1557 of the Patient Protection and Affordable Care Act.

Originally, Plaintiffs were represented by counsel, who filed the underlying complaint. ECF No. 1. On May 2, 2022, Plaintiffs' counsel withdrew from the case. ECF No. 37. This Court finds there are exceptional circumstances to justify the appointment of counsel.

To determine whether exceptional circumstances exist, a court must consider: (1) the likelihood of success on the merits; and (2) the ability of the plaintiff to articulate their claims *pro se* in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

As mentioned above, Plaintiffs' complaint has been filed by an attorney who has duties under Fed. R. Civ. P. 11(b) not to file frivolous claims. On that basis, this Court finds that there is a likelihood of success on the merits. In addition, Plaintiffs have had difficulties understanding the court process and its procedures. In fact, this Court has had to sanction Plaintiffs. ECF Nos. 60, 67. In short, this Court finds Plaintiffs are not able to articulate their claims *pro se*. For these reasons, the Court finds that extraordinary circumstances now exist which merit the appointment of counsel.

Given this, this Court will appoint counsel in this case for the limited purpose of (1) evaluating Plaintiffs' claims and (2) assisting in a settlement conference. However, Plaintiffs should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*.

**IT IS THEREFORE ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiffs. Plaintiffs are reminded that they must comply with all deadlines currently set in this case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court and Plaintiffs will be contacted by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.


DATED: March 29, 2023.


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

Page 2 of 2